UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

G&G Closed-Circuit Events, LLC,

          Plaintiff,

v.

Brothers Bar & Grill, LLC, *et al.*,

          Defendants.

_____/

Case No. 23-12999

Judith E. Levy[1]
United States District Judge

Mag. Judge David R. Grand

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE MOTION FOR ALTERNATE SERVICE ON DEFENDANTS ANDRE DIXON AND ERIC HENDERSON AND TO EXTEND SUMMONS [6]**

Before the Court is Plaintiff G & G Closed-Circuit Events, LLC's ex parte motion for alternate service on Defendants Andre Dixon and Eric Henderson and to extend the summons deadline by 45 days. (ECF No. 6.) For the reasons set forth below, the Court denies without prejudice Plaintiff's motion.

---

[1] Plaintiff is advised to update its case caption.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In Michigan, an individual may be served by "delivering a summons and a copy of the complaint to the defendant personally" or "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." Mich. Ct. R. 2.105(A). However, service by registered or certified mail is only complete once "the defendant acknowledges receipt of the mail," and "[a] copy of the return receipt signed by the defendant must be attached to proof showing service." Mich. Ct. R. 2.105(A)(2).

The Michigan Court Rules also permit a court to approve alternative means of service. Mich. Ct. R. 2.105(J)(1). Michigan Court Rule 2.105(J)(2) states that:

> (2) A request for an order under [Rule 2.105(J)] must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to

2

ascertain it. A hearing on the motion is not required unless the court so directs.

Mich. Ct. R. 2.105.

Plaintiff's motion is not verified, in violation of Rule 2.105(J)(2). *See United States v. Szostak*, No. 22-CV-11239, 2022 WL 4099448, at *2 (E.D. Mich. Sept. 7, 2022) ("Second, as required under Michigan Court Rule 2.105(J)(2), the United States submitted a verified motion that is dated within 14 days of filing, and it was supported by exhibits demonstrating that the United States has diligently attempted to ascertain the identity of the Trustee in order to serve process."); *United States v. Robinson*, No. 21-CV-11481, 2021 WL 5162030, at *2 (E.D. Mich. Nov. 5, 2021) ("[T]he United States submitted a verified motion that is dated within 14 days of filing, and it was supported by the declaration of its counsel and the affidavit of its process server.").

Therefore, Plaintiff's motion must be denied without prejudice.

Plaintiff also seeks a 45-day extension for the summons. Plaintiff has not demonstrated good cause for an extension here. Under Federal Rule of Civil Procedure 4(m), "the court must extend the time for service for an appropriate period" if "the plaintiff shows good cause for the failure." "Generally, 'good cause' means 'a reasonable, diligent effort to

3

timely effect service of process.'" *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (quoting *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004)).

On November 28, 2023, Summons were issued for all Defendants in the case. (ECF No. 2.) Plaintiff's motion states that "after diligent attempts to locate both [Henderson and Dixon], Plaintiff is unable to identify a valid residential address for either Defendant despite diligent public records searches." (ECF No. 6, PageID.28–29.) Plaintiff further states that it "attempted to locate a 'good address' for Defendants . . . through LEXIS Advanced person searches." (*Id.* at PageID.29.)

The facts set out in Plaintiff's motion do not demonstrate a reasonably diligent effort to complete proper service in a timely manner consistent with Federal Rule of Civil Procedure 4(e). Plaintiff does not properly detail its efforts at searching and why its searches have been fruitless. Accordingly, the Court does not currently find good cause to extend the deadline to serve Defendants Henderson and Dixon under Rule 4(m).

For the reasons set forth above, the Court DENIES WITHOUT PREJUDICE Plaintiff's ex parte motion for alternate service on

4

Defendants Henderson and Dixon and for an extension of the summons deadline.

    IT IS SO ORDERED.

Dated: February 15, 2024        s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                    United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 15, 2024.

                                      s/William Barkholz
                                      WILLIAM BARKHOLZ
                                      Case Manager